## Graves v. Thompson, et al.

(Decided October 29, 1926.)

### Appeal from Monroe Circuit Court.

Boundaries.—Evidence as to three white oaks, which title papers called for in location of corner, held insufficient to establish location.

B. F. DENHAM for appellant.

LAWRENCE & ROBINSON for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Affirming.

The appellant, whom we will call the plaintiff, sued the appellees, whom we will call the defendants, for having trespassed upon his land and cut some of his timber, and sought by this action to have his title quieted and to recover for the timber cut. The defendants by answer claimed to be the owners of the land. They were successful in the trial court, and the plaintiff has appealed. This record really presents but one question and that is the location of one of plaintiff's corners. The plaintiff's title papers call for three white oaks, and the evidence for the plaintiff is that one of these white oaks has been cut, but that the other two are standing, and are well marked. The evidence for the defendants is that this is not the plaintiff's corner, and that none of the witness trees to plaintiff's true corner is now standing, and the defend-

ants in their evidence described two white oak stumps and a fallen white oak, which defendants contend, mark the plaintiff's corner.

In the case of Rush v. Cornett, 169 Ky. 714, 185 S. W. 88, we held that natural objects should prevail over courses and distances, but we also held that for this rule to apply the natural objects should themselves be definitely located. In the case of Gilbert, et al. v. Parrott, 168 Ky. 599, 182 S. W. 859, we said practically the same thing said in the Rush case; further:

> "Where there is a dispute as to the location of this natural object and the proof shows two or more natural objects which might fill the designation, that one is to be accepted . . . which most nearly conforms to the courses and distances as well as conforms to the quantity of land proposed to be conveyed."

In the case of Louisville Property Co. v. Rose, 184 Ky. 221, 211 S. W. 743, we approved a rule for the location of a lost or disputed corner, and when the plaintiff's evidence is measured by the rules announced in these cases, it is not sufficient to establish the corner where he claims it to be.

The trial court so held, and its judgment is affirmed.